## HOYNE v BUCKEYE UNION CASUALTY CO.

Ohio Appeals, 2nd Dist, Montgomery Co

No 1645.   Decided Dec 4, 1940

Thomas, Hyers, Leyland & Stewart, Dayton, for defendant-appellant.

Cowden, Cowden & Crew, Dayton, and Charles E. Hager, Dayton, for plaintiff-appellee.

### OPINION

By GEIGER, J.

This cause had its inception in the Municipal Court of the City of Dayton. It was tried before the judge without the intervention of a jury upon an Agreed Statement of Facts.

The statement of claim was to the effect that Edward Hoyne, d.b.a. Hoyne Funeral Home was insured in the defendant's company under a certain policy whereby he was insured against loss resulting from "theft, robbery and pilferage"; that on the 29th of July, 1936, one of plaintiff's cars, covered by the policy, was unlawfully and without plaintiff's knowledge or consent taken from the possession of the corporation and while it was being so operated was damaged, which damage proximately resulted from the unlawful taking of the automobile from the possession and control of the plaintiff "which constituted a theft under the terms of said policy"; that as a result of the unlawful taking the automobile was damaged to the extent of $512.00.

To this petition a defense was filed in which it was admitted the policy had been issued against loss resulting from theft, but the defendant denies that there had been a "theft, robbery or pilferage" of plaintiff's Cadillac Invalid Car so as to entitle plaintiff to the benefits of said policy. The answer was filed, according to the file mark, on June 16, 1938. No reference to its filing is made in the docket and journal entries from the court.

The facts that are agreed to are briefly as follows; the plaintiff operated an undertaking establishment and in connection therewith had an ambulance which he used and was authorized to use in emergency cases; that on the day in question, about 9 o'clock A. M., a fifteen year old boy, Robert Lyons, entered the plaintiff's office and while in said office heard the phone ring and there being no other person in the office, the said Robert Lyons answered the phone; that the call was one requesting an ambulance for an emergency case. Thereupon Lyons took the keys for plaintiff's Cadillac Invalid Car from a hook and then took said car from the garage and operated it to the place where the emergency patient was found, who was thereupon placed in said car and said Lyons then proceeded to operate the car toward the hospital; that while operating the car toward the

hospital Lyons lost control and ran into a safety beacon damaging the car as claimed; that Lyons operated the car without the knowledge or consent of the plaintiff and without the knowledge or consent of any of the plaintiff's employees and had at no time previously operated the motor vehicle which was damaged; that the residence of Lyons is located in the vicinity of plaintiff's place of business and by reason thereof Lyons was acquainted with the various employees of the plaintiff and the plaintiff's son, who is approximately his own age and said Lyons would from time to time visit the plaintiff's place and had no particular reason for being at plaintiff's place upon the day in question; that plaintiff maintains the damage resulted from the unlawful taking of the automobile, which constituted a theft under the terms of the policy.

The case was tried before the Judge and under date of June 8, 1938, the following entry appears,

"This cause came on to be heard upon the pleadings, the agreed statement of facts, the briefs of counsel, and was submitted to the court, and on consideration thereof the court finds against the plaintiff and for the defendant, to which finding plaintiff excepts."

On June 8, 1938, the plaintiff filed a motion for new trial which was on the same day overruled and on June 17, 1938, notice of appeal was given.

The only entry showing any finding of judgment of the Municipal Judge is to the effect that the cause was submitted and on consideration thereof the Court finds against the plaintiff and for the defendant. On the same day the motion for new trial was filed and overruled. No further entry appears embodying a final order made either at the time of or after the date of the overruling of the motion for new trial. The entry of June 8, 1938, as the same appears in the transcript of docket and journal entries, is not a final order but simply a finding against the plaintiff and for the defendant.

No final order could be entered until after the disposition of the motion

for a new trial or after the expiration of the time in which a motion for new trial might be filed.

The cause was lodged in the court of common pleas wherein, on February 26, 1940, a judgment entry was filed to the effect that the cause came on to be heard on appeal on questions of law from the judgment of the municipal court of the City of Dayton for the defendant-appellee; that on consideration the court finds that the taking of the automobile constituted theft under the terms of the policy and that the damage resulted from said theft; that the judgment of the municipal court should be and is reversed and judgment is rendered upon the Agreed Statement of Facts in favor of the plaintiff in the sum of $512.68. It is ordered that the judgment of the municipal court be reversed and that the plaintiff recover the amount stated.

Notice was given by the defendant of appeal to the Court of Appeals from the judgment entered by the Court of Common Pleas on the 26th day of February, 1940. Said appeal is on questions of law.

This court has read the briefs filed by the several parties, each attempting to sustain the position, the one that the taking of the automobile by the boy on an emergency call was not a theft, the other to the effect that such taking was a theft. In one event the Insurance Company would not be liable and in the other event it would be.

Before we enter into the determination of this interesting question, we look to the record to determine what authority the court of common pleas had to enter the judgment which is now sought to be reversed. It would have no authority unless the case was properly appealed from the municipal court. If there was no final judgment in the municipal court there was no proper appeal to the court of common pleas and that court not having jurisdiction could not render a judgment from which an appeal could be taken to this court. It follows that there is nothing before this court as the record now stands upon which this court may

pass except to the effect that the appeal to the common pleas court and to this court be dismissed for lack of jurisdiction and that the cause be remanded to the municipal court for final judgment.

It may be that certain portions of the record have been omitted which would correct the matter of which we now complain. In that event, there may be a diminution of the record and if it shows that final judgment was entered in the municipal court we will proceed to hear the case, otherwise an entry of dismissal should be filed for the reasons given.

HORNBECK, PJ. & BARNES, J., concur.